# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-411V
**Filed: February 4, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERT L PIRRELLO,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Gowen

Stipulation; Attorneys' Fees & Costs

<u>Diana Stadelnikas Sedar</u>, Maglio Christopher & Toale, PA, Sarasota, FL for petitioner.
<u>Gordon E. Shemin</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Gowen**, Special Master:

      In this case under the National Vaccine Injury Compensation Program,[2] I issued a Decision on December 19, 2014, adopting the parties' stipulation for award.  On February 4, 2015, the parties filed a Stipulation of Fact concerning attorneys' fees and costs.  Additionally, pursuant to General Order #9, petitioner's filing from December 22, 2014 indicated that petitioner incurred no personal litigation costs.

      The parties' stipulation indicates that respondent does not object to the amended amount of $21,000 that petitioner is requesting for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award:**

- **a lump sum of $21,000.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Diana Stadelnikas Sedar, for petitioner's attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]


**IT IS SO ORDERED.**


                              **s/ Thomas L. Gowen**
                              Thomas L. Gowen
                              Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).